# Wheeling.

HENRY CAPEHART *vs.* ALEXANDER RANKIN.

August Term, 1869.

1. C. being a colonel in the United States army agreed to pay R. 100 dollars per month, in addition to government pay, as a leader of a band of music. R. brought with him eleven men who were all mustered into the United States army on the 3d of September, 1864, as privates. They were assigned to C.'s command, and were employed by him as a band and kept at his headquarters. R. and the men were mustered out of service about the 1st of June, 1865, and on C. refusing to pay R. the 100 dollars per month he brought suit for its recovery. HELD:

  1. That at the time R. and the men were mustered into the service, there was no law by which soldiers could be detailed for regimental bands; a law to that effect had been repealed.

  2. The effect of this contract was to place at headquarters a number of men not only unauthorized but forbidden by law, fed, clothed and paid at government expense, as the leader of whom R. was to receive 100 dollars in addition to government pay, from C., and it being contrary to the provisions of the act of Congress, cannot be sustained.

2. Courts will not aid parties to illegal contracts which are executory only, to recover thereon. And where the contract is executed a court will not aid a *particeps criminis* in setting it aside.

This case came from Ohio county. The action was assumpsit. The summons was brought to March rules, 1866. A trial was had at the May term, 1868, and a verdict rendered for the plaintiff for 625 dollars, and the court refusing to set aside the verdict and grant a new trial, gave judgment on the verdict. The court certified the facts proven. The opinion of the judge contains all that are necessary to a proper understanding of the case.

The defendant brought the case here on a supersedeas.

*J. S. Wheat* for the plaintiff in error.

*N. Richardson* for the defendant in error.

MAXWELL, J.    The bill of exceptions shows that Capehart, who was at that time colonel commanding a regiment of West Virginia cavalry in the service of the United States, made a contract with Rankin, by which Rankin was to organize a band for the said regiment, of which he was to be the leader, and for which he was to be paid by Capehart 100 dollars over and above any pay, emoluments and bounties to which he might become entitled from the government.    Rankin and eleven or twelve other men were accordingly enlisted into the service of the United States, as volunteers, credited to the borough of Washington, Pennsylvania, and each received the sum of 500 dollars, the bounty offered by that borough.    After their enlistment the said Rankin and the men enlisted with him, were sent by the order of the mustering officer to the camp of dismounted men, near Hagerstown, Maryland, where they all remained for about three months, when they were sent to the regiment commanded by the said Capehart, and there remained for some time, the said Rankin discharging, while there, his duty as leader of the band.    Rankin and his men remained in the service until about the 1st of June, 1865, when they were discharged.

At the time this enlistment took place, and while the men remained enlisted, there was no law in force under which men could be enlisted or detailed for regimental bands, but a law which had before that time been in force for that purpose had been repealed.    The effect of the contract was to place about the headquarters of Capehart a number of men not only not authorized, but forbidden by law, fed, clothed and paid at the expense of the government, as the leader of whom Rankin was to receive from Capehart, in addition to his government pay, 100 dollars per month. Under these circumstances can Rankin recover from Capehart what he promised to pay ?

Comyn on Contracts, p. 30, says, "all contracts or agreements which have for their effect anything which is repugnant to justice, or against the general policy of the common law, or contrary to the provisions of any statute, are void."

It is a general rule that no court will aid a party to an illegal contract, which is executory only, to recover thereon. And where the contract is executed, a court will not aid a *particeps criminis* in setting it aside.    *Nellis* vs. *Clark*, 4 Hill, 424; *Gray* vs. *Hook*, 4 Comstock, 449; *Mosely* vs. *Mosely*, 15 New York, 334; *Brown* vs. *Wylie*, 2 W. Va., 502.

I think the contract was in direct violation of the policy of the act of Congress, and can not be enforced in a court.

The judgment complained of, therefore, will have to be reversed, with costs, the verdict of the jury set aside, and the cause remanded for a new trial.

The other judges concurred.

JUDGMENT REVERSED.